United States District Court
Middle District of Florida
Orlando Division

**MORGAN V. STANLEY,**

   *Plaintiff,*

v.                                                          **NO. 6:20-cv-2244-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

   *Defendant.*

___

# Order

Morgan Stanley's lawyer, Bradley Boyd, requests as an attorney's fee $17,933.50 from Stanley's past-due benefits. Doc. 37 (original motion), Doc. 39 (amended motion).

## Background

Stanley applied for benefits. Tr. 217–31. An Administrative Law Judge found her not disabled, Tr. 104–20, and the Appeals Council denied her request for review, Tr. 1–6. She and Boyd entered into a contingent-fee agreement under which Stanley agreed to pay Boyd 25 percent of any past-due benefits for his representation of Stanley before the court *and* the agency. Doc. 39-2.

Boyd filed a complaint, Doc. 1, and the Commissioner filed a 1341-page administrative record, Doc. 16. Boyd filed a 25-page brief arguing why the Commissioner was wrong. Doc. 22. The Commissioner filed a 16-page response arguing otherwise. Doc. 26. The Court reversed and remanded for further

agency proceedings. Doc. 29. The Court later granted Stanley's EAJA request for $5,517.38 as an attorney's fee based on 25.93 hours of work. Doc. 32.

On remand, the agency awarded Stanley past-due benefits of $100,534.00 and withheld $17,933.50 (25 percent of the past-due benefits minus $7,200.00 as an attorney's fee under 42 U.S.C. § 406(a)) for an attorney's fee under 42 U.S.C. § 406(b). Doc. 39-1 at 3–5. The agency issued a notice of award on August 5, 2024. Doc. 39-1. The current request followed.* Doc. 37 (original motion), Doc. 39 (amended motion). The Commissioner takes no position on the request. Docs. 41, 45.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States'

---

*The notice of award is dated August 5, 2024. Doc. 39-1. "No later than fourteen days after receipt of a 'close-out' letter, a lawyer requesting an attorney's fee, payable from withheld benefits, must move for the fee and include in the motion: (1) the agency letter specifying the withheld benefits, (2) any contingency fee agreement, and (3) proof that the proposed fee is reasonable." Local Rule 7.01(e). On Stanley's motion, the Court extended the deadline to request an attorney's fee to September 3, 2024. Docs. 34, 35. Stanley filed the fee request on August 29, 2024. Doc. 37. The request is timely.

position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). The refund prevents an attorney from receiving double recovery under both statutes. *Id.* at 1272.

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness,

3

"the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of a requested fee, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fee would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

In requesting a fee of $17,933.50, Boyd deducts the $5,517.38 EAJA award from 25 percent of past-due benefits ($25,133.50 - $5,517.38 = $19,616.12). Doc. 39 at 2. He then reduces the amount to $17,933.50 so that the combined § 406(a) and § 406(b) amounts do not exceed 25 percent of past-due benefits. Doc. 39 at 3. To establish the requested fee is reasonable for the services rendered, he provides the following information. He has "represented claimants before the Social Security Administration since 1993" and devotes approximately 96 percent of his practice to this field of law. Doc. 39 at 3. Stanley's case was complex because she suffered from multiple impairments, including bipolar disorder, back injury, and migraines. Doc. 39 at 2. He caused no unreasonable delays. Doc. 39 at 5. Through his efforts, Stanley won a reversal of the Commissioner's unfavorable decision, and Stanley and her family were awarded $100,534.00 in past-due benefits. Doc. 39 at 5. He faced a substantial risk of loss, and the requested fee reflects the contingent nature of recovery. Doc. 39 at 8–9.

The Court directed Boyd to "provide supplemental briefing with legal authority supporting how he calculates the fee request in light of the agreement and the law that a lawyer may not 'double dip' under § 406(b) and the EAJA" or, alternatively, submit a second amended motion correcting his calculation. Doc. 42. Despite this opportunity, Boyd's supplemental briefing fails to support his calculation. Doc. 44.

A reduction in the requested fee award is warranted because Boyd's calculation results in "double-dipping" under § 406(b) and the EAJA. The fee agreement is the starting point of a § 406(b) fee request. *Gisbrecht*, 535 U.S. at 807–08. The agreement here contemplates a fee award of 25 percent of past-due benefits under § 406(a) *and* § 406(b). Doc. 39-2. Boyd received $7,200.00 as an attorney's fee under § 406(a). Doc. 39 at 3. Therefore, $17,933.50 remains available as an attorney's fee under § 406(b) ($25,133.50 - $7,200.00 = $17,933.50). That amount is then offset by the $5,517.38 EAJA award for a reduced amount of $12,416.12.

Considering the circumstances described by Boyd, the reduced amount (**$12,416.12**) is reasonable. Because Boyd asks to deduct the amount of the EAJA award from his § 406(b) fee request, no amount must be refunded to Stanley.

## Conclusion

The Court:

1.  **grants in part** the request, Doc. 37, as amended, Doc. 39; and

2.  **authorizes** Boyd to charge Stanley **$12,416.12** from past-due benefits for the successful representation of Stanley.

**Ordered** in Jacksonville, Florida, on December 23, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*